

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00526-CR

EX PARTE TERRANCE WAYNE
DAVIS

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Terrance Wayne Davis attempts to appeal from the Texas Court of Criminal Appeals's May 11, 2011 denial of his "motion for leave to file the original application for writ of mandamus." On December 12, 2011, we notified Davis of our concern that we lack jurisdiction over this appeal because this court has no jurisdiction to review decisions of the court of criminal appeals,[2] and we

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(a) (West Supp. 2011) (stating that "[a]fter final conviction in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas"); *accord*

informed him that this appeal was subject to dismissal for want of jurisdiction unless he or any party desiring to continue the appeal filed a response with this court by December 22, 2011, showing grounds for continuing the appeal. *See* Tex. R. App. P. 44.3. No response was received. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Ex parte Rogers*, Nos. 02-11-00333-CR, 02-11-00334-CR, 02-11-00335-CR, 2011 WL 4414708, at *1 (Tex. App.—Fort Worth Sept. 22, 2011, no pet.) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction because appellant attempted to appeal from the court of criminal appeals's denial of his application for writ of habeas corpus).

SUE WALKER
JUSTICE

PANEL: WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: February 2, 2012

---

Tex. Const. art. V, § 5 (providing that court of criminal appeals has final appellate jurisdiction on all questions of law in criminal matters).